STATE of Utah, Plaintiff and Appellee,

v.

Salvador A. Cerecero REYES, Defendant and Appellant.

No. 920183–CA.

Court of Appeals of Utah.

Sept. 1, 1993.

---

Elizabeth Holbrook, Legal Defender's Ass'n, Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., David B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

GARFF, Judge:

Salvador A. Cerecero Reyes appeals his conviction of possession of a controlled substance with intent to distribute, a second degree felony, in violation of Utah Code Ann. § 58-37-8(1)(a)(iv) (1990). We reverse and remand.

There was evidence at trial that the State's primary witness, Juan Gonzales,

---

was a former drug addict, thief, and liar, and that Reyes had previously supplied Gonzales with cocaine. At trial, the State presented evidence, seized as a result of a search of Reyes's house, including scales, $1500.00 in cash, and nearly two ounces of cocaine hidden in a blanket in Reyes's bedroom. Reyes and his daughter lived in the house alone.

Reyes's defense consisted primarily of witnesses who attempted to cast doubt on the credibility of Gonzales. Testimony at trial indicated that Reyes and Gonzales, who previously were good friends, had a falling out prior to the events in question, and that Gonzales had stolen from Reyes's house. Reyes's theory of the case was that Gonzales, in the course of or shortly following a burglary of the house, framed him by planting the cocaine.[1]

The prosecution, as part of its case-in-chief, questioned Officer Buckner as follows:

Q Okay. And was [Reyes] in custody at the time that you talked to him, although not under arrest?

A That's right.

Q And did you give him, or advise him according to Miranda, as to his rights at that time?

A I did.

Q And did you ask him if he would waive those rights?

A I did.

Q Did you ask him if he would talk with you?

A Yes, I did.

Q Did you ask him if he would talk to you without an attorney present?

A Yes, I did.

Q And how did he respond to your questions?

A He stated that he wanted to have his attorney present to talk to us.

Trial counsel did not object to the testimony.

---

1. Officer Buckner, one of the officers at the scene, testified that Reyes explained he was keeping the cocaine for a friend in Wyoming. However, the evidence conflicts as to whether Reyes, given his limited command of English, could actually make this statement in the manner testified to by Officer Buckner or whether Reyes made the statement at all.

After trial, a jury convicted Reyes as charged. This appeal followed.

■ Reyes claims the trial court committed plain error by allowing the State to elicit testimony concerning his post-custody silence. Such evidence, he argues, violated his constitutional right against self-incrimination under the Fifth Amendment of the United States Constitution because it created an inference of guilt, thus prejudicing him. To establish plain error, a party must show the following: (1) an error exists; (2) the error should have been obvious to the trial court; and (3) the error was harmful, or in other words, absent the error, there is a reasonable likelihood of a more favorable result for the complaining party. *State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993); *State v. Verde*, 770 P.2d 116, 120 (Utah 1989). The claim of plain error fails if any one of these requirements is not shown. *Dunn*, 850 P.2d at 1209.

■ The State concedes the trial court erred and that the error was obvious.[2] However, it argues that Reyes fails to show that the error was harmful or would result in a more favorable outcome. The issue, therefore, is whether the prosecutor's comment concerning Reyes's silence prejudiced Reyes.

■ To determine whether the prosecutor's reference to Reyes's post-arrest silence prejudiced him, we may consider: (1) whether the jury would "naturally and necessarily construe" the comment as referring to defendant's silence; (2) whether there was overwhelming evidence of defendant's guilt; (3) whether the reference was isolated; and (4) whether the trial court instructed the jury not to draw any adverse presumption from defendant's decision not to testify. *See State v. Tillman*, 750 P.2d 546, 554–55 (Utah 1987); *accord State v. Bartley*, 784 P.2d 1231, 1237–38 (Utah App. 1989).

■ Balancing the above factors, we conclude the elicited comment prejudiced .

Reyes because his refusal to talk to the police could be seen as inconsistent with his defense theory that Gonzales planted the cocaine to frame him. In addition, the evidence of Reyes's guilt, which consisted principally of Gonzales's testimony, was not overwhelming. Although the elicited comment was isolated and was not referred to in closing argument, the trial court did not immediately admonish the jury to disregard it. Instead, the trial court's curative efforts were limited to a jury instruction given at the close of trial. Furthermore, the court's instruction, by its terms, went solely to Reyes's decision not to testify at trial, rather than to his right to remain silent during pre-trial investigation. *But see Bartley*, 784 P.2d at 1238 (where evidence of guilt was "overwhelming" and offensive cross-examination was isolated, similar instruction sufficiently curative in context of post-arrest silence). Thus, the instruction was neither a clear limiting curative instruction nor was it given at the earliest possible opportunity. *See State v. Peters*, 796 P.2d 708, 712 (Utah App.1990); *see also State v. Hales*, 652 P.2d 1290, 1292 (Utah 1982) ("A curative instruction is often mentioned by courts as an important consideration in reviewing the constitutionality of prosecutorial comments.").

Accordingly, we reverse and remand for a new trial. In light of our decision, need not address other issues raised by the parties.

GREENWOOD and ORME, JJ., concur.

---

**2.** Generally, the prosecution may not refer to or elicit testimony concerning a defendant's post-arrest silence. *See, e.g., Doyle v. Ohio*, 426 U.S. 610, 617–20, 96 S.Ct. 2240, 2244–45, 49 L.Ed.2d 91 (1976); *State v. Wiswell*, 639 P.2d 146, 147 (Utah 1981); *State v. Harrison*, 805 P.2d 769, 787 (Utah App.), *cert. denied*, 817 P.2d 327 (Utah 1991).